FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HANSEL M. DEBARTOLO | ) | **08 C 275** |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| HUMANA EMPLOYERS HEALTH INSURANCE COMPANY, FEDERATED MUTUAL INSURANCE COMPANY and MAZON FARMERS ELEVATOR CO. | ) | **JUDGE CONLON**<br>**MAGISTRATE JUDGE MASON** |
| Defendants. | ) | |

### COMPLAINT AT LAW

Now comes the Plaintiff, DR. HANSEL M. DEBARTOLO ("DeBartolo"), by and through his attorney, STUART P. KRAUSKOPF, and complains of Defendants, HUMANA EMPLOYERS HEALTH INSURANCE COMPANY ("Mutual Group Humana") AND FEDERATED MUTUAL INSURANCE COMPANY ("Mutual Group Federated") and MAZON FARMERS ELEVATOR CO. ("Employer"), as follows:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

### II. THE PARTIES

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

1

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, Employer, sponsors, or sponsored, a medical benefit plan ("Plan") and exercised, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, Mutual Group Humana and Federated, administer, or administered a medical benefit plan ("Plan") for Defendant Employer.

4. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

### III. JURISDICTION

5. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

### IV. VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

### V. ALLEGATIONS

#### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

7. Plaintiff restates and realleges the allegations contained in Paragraphs One through Six, inclusive and as this Paragraph Seven, and incorporates each by reference as though each had been fully set forth herein.

8. Prior to rendering treatment to one of Plaintiff's patients, Patrick Mino ("Mino"), Plaintiff contacted Defendants Mutual Group Humana and Federated for the purpose of verifying that Mino was covered under the Plan. Mutual Groups, Humana and Federated, verified such coverage.

9. Mino thereupon assigned his rights to benefit payments under the Plan with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Mino (the "Assignment"). True and correct copies of Mino's assignments are attached hereto and incorporated herein as Exhibit A.

10. Mutual Group Federated acknowledged the assignment made by Mino by forwarding payments to Plaintiff totaling $7,545.80 for some of the medical services furnished by Plaintiff to Mino. However, Mutual Group Federated denied the remaining claims made for treatment furnished to Mino under the Plan.

11. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Mino by Plaintiff totals $5,514.20 which Mutual Group Federated has failed and refused to pay to Plaintiff.

12. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Mino by Plaintiff totals $2,130.00 which Defendant Mutual Group Humana has failed and refused to pay to Plaintiff.

13. The failure and refusal on the part of the Defendants to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

14. As a direct and proximate result to the failure of the Defendants to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

15. As a further direct and proximate result of the failure of the Defendants to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by Defendants pursuant to 29 U.S.C. 1132(g)(1).

16.     Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that Defendants are able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendants and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

A.      A judgment that Plaintiff is entitled to $5,514.20 from Mutual Group Federated under the Plan;

B.      A judgment that Plaintiff is entitled to $2,130.00 from Mutual Group Humana under the Plan;

C.      An order directing the Defendants to pay all benefits assigned to Plaintiff by Mino, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

D.      Judgment in Plaintiff's favor, directing Defendants to pay Plaintiff punitive damages for Defendants' malicious and reckless indifference to Plaintiff's rights;

E.      Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

F.      Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

G.      Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

## COUNT II: **FAILURE TO PROVIDE INFORMATION**

17. Plaintiff restates and realleges the allegations contained in Paragraphs One through Sixteen, inclusive, as this Paragraph Seventeen, and incorporates each by reference as though each had been fully set forth herein.

18. On or about January 5, 2006, Plaintiff requested of Mutual Group Federated, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 USC § 1132 (c). A copy of said request is attached hereto and incorporated herein by this reference as Exhibit B.

19. Defendant, Mutual Group Federated, failed to furnish any information of the type requested to Plaintiff.

20. Pursuant to 29 USC § 1132 (c)(1), a plan administrator is subject to fines if the plan administrator violates 29 USC § 1024 (b)(4), which requires that:

> the administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated.

21. Plaintiff is informed and believes, and based thereon alleges, that he has standing to sue under 29 USC § 1132 (c)(1), by virtue of the assignment of benefits he has entered into with Hart.

**WHEREFORE,** Plaintiff prays for relief against Defendants as follows:

A. A declaration that Plaintiff is entitled to all information regarding the Plan required to be made available to participants in the Plan under ERISA;

B. An order directing Defendant, Mutual Group Federated, to furnish Plaintiff with all information regarding the Plan required to be made available to participants in the Plan under ERISA;

    C.    That Defendant, Mutual Group Federated, be directed and ordered to pay to Plaintiff a discretionary award of $115 per day for each day since January 5, 2006, that Defendant failed or refused, and continues to fail or refuse, to furnish such information to Plaintiff;

    D.    Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

    E.    Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

    F.    Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury.


Respectfully submitted,


s/STUART P. KRAUSKOPF
Stuart P. Krauskopf


Stuart P. Krauskopf, P.C.
Michael Schnitzer, P.C.
Lindsay Malitz, P.C.
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

# EXHIBIT A

## DR. H.M. DEBARTOLO, JR., M.D., J.D.
11 DEBARTOLO DRIVE
SUGAR GROVE, IL 60554
(630) 859-1818
FAX: (630) 859-1830

NAME: Patrick Mino

DATE: _____

I assign my medical benefits and rights from:

FEDERATED INSURANCE
(Insurance Company)

To Dr. H.M. DeBartolo Jr., M.D., J.D., for services rendered.

X _Patrick M Mino_____
Signature

I hereby give permission for Dr. H.M. DeBartolo Jr. to receive all of my records from any and all other providers or health care entities.

X _Patrick M Mino_____  12-4-07
Signed                          Date

I hereby give authorization Dr. H.M. DeBartolo Jr. to be my authorized representative in the case that any appeals are necessary with regard to any denials, insufficient, or non-payments of my medical claims.

X _Patrick M Mino_____  12-4-07
Signed                          Date

### PAYMENT AGREEMENT

In the event that an insurance check for services rendered by Dr. DeBartolo is paid to the patient directly, the patient agrees to pay Dr. DeBartolo the exact amount of every check received by the patient. In the event that the patient does not receive an insurance check, and payment is not made at the time of service, the patient agrees to pay a fair fee for services rendered to be paid within three months. In the event the patient does not accomplish the above, he or she will be subject to court costs, collection fees, and 9% interest. In the event that it is necessary to make an appeal to the patient's insurance company, the patient designates Dr. DeBartolo as his/her authorized representative to appeal.

Date: _____   Signature: X_____

Print Name: _____

**DR. H.M. DEBARTOLO, JR., M.D., J.D.**
11 DEBARTOLO DRIVE
SUGAR GROVE, IL 60554
(630) 859-1818
FAX: (630) 859-1830

NAME: _Patrick Mino_

DATE: _____

I assign my medical benefits and rights from:

_HUMANA_
(Insurance Company)

To Dr. H.M. DeBartolo Jr., M.D., J.D., for services rendered.

X _Patrick M Mino_
Signature

I hereby give permission for Dr. H.M. DeBartolo Jr. to receive all of my records from any and all other providers or health care entities.

X _Patrick M Mino_        _12-4-07_
Signed                    Date

I hereby give authorization Dr. H.M. DeBartolo Jr. to be my authorized representative in the case that any appeals are necessary with regard to any denials, insufficient, or non-payments of my medical claims.

X _Patrick M Mino_        _12-4-07_
Signed                    Date

**PAYMENT AGREEMENT**

In the event that an insurance check for services rendered by Dr. DeBartolo is paid to the patient directly, the patient agrees to pay Dr. DeBartolo the exact amount of every check received by the patient. In the event that the patient does not receive an insurance check, and payment is not made at the time of service, the patient agrees to pay a fair fee for services rendered to be paid within three months. In the event the patient does not accomplish the above, he or she will be subject to court costs, collection fees, and 9% interest. In the event that it is necessary to make an appeal to the patient's insurance company, the patient designates Dr. DeBartolo as his/her authorized representative to appeal.

Date: _____    Signature: X_____

                                  Print Name: _____

# EXHIBIT B

HANSEL M. DEBARTOLO, JR., M.D., J.D.
11 DeBartolo Drive
Sugar Grove, Illinois 60554
630-859-1818
Fax: 630-859-1830

Jaunuary 5, 2006

Federated Insurance
P.O. Box 486
Owatonna, MN 55060

FEDERATED INS COS
MSG
2006 JAN 10 A 11: 42
OWATONNA, MINN.

Re:  Patrick M. Mino
     Patient ID #: 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
     Policy #: 5117-1889-000
     Group #: 889
     Patient D.O.B.: 7/30/50
     Date(s) of Service: 6/5/98, 7/31/98, 8/27/99

ATTENTION CLAIMS ADMINISTRATOR:

We wish to protest the amount allowed for this claim. More should have been allowed.

We are also requesting a copy of the plan summary so we can determine for ourselves what is covered.

Please see attached copies.

Hansel M. DeBartolo, Jr., M.D., J.D.
ekd